IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| GLOBAL COMMODITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL DISTRIBUTORS LLC and CAPITAL IMPORTS, LLC, <br><br> Defendants. | Case No. 0:24-cv-216 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Global Commodities Inc. ("Plaintiff" or "Global"), as and for its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is an appeal from the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145, and a civil action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and/or Minnesota common law.  Global seeks reversal of the TTAB decision in *Global Commodities, Inc. v. Capital Distributors LLC and Capital Imports LLC*, Cancellation No. 92078857 (TTAB November 29, 2023) denying Global's Petition to Cancel against Capital Imports, LLC's Registration No. 5,926,738 (the "TTAB Decision") and equitable and monetary relief from Defendants' willful violation of Global's trademark rights in its mark for rice.  A copy of the decision is filed herewith as Exhibit 1.

1

2. Defendant Capital Distributors obtained registration No. 5,926,738 for the mark

for rice. Given the similarities between the marks (as applied to the same goods) and the

packaging used by Capital Distributors and Capital Imports (hereinafter collectively "Capital"),

consumers are likely to confuse Capital's bag  with Global's bag

, or to mistakenly believe that Capital's rice is approved or licensed

by Global. For this reason, Defendants' registration for the mark also conflicts with Global's

rights under 15 U.S.C. § 1052(d), etc., and the TTAB Decision should thus be reversed and

registration to Defendants cancelled.

## I. PARTIES

3. Plaintiff, Global Commodities Inc., is a New York corporation having a principal place of business at 60 Commerce Place, Hicksville, New York 11802. Plaintiff, Global, has been in the business of advertising, selling and offering for sale rice, dry fruits, tea, spices, and other food products primarily to the Middle Asian community in the United States and the State of Minnesota.

4. Upon information and belief, Capital Distributors LLC, is a Minnesota limited liability company having a business address at 3446 Snelling Ave Minneapolis, Minnesota 55406.

5. Upon information and belief, Capital Imports LLC is a Minnesota limited liability company having a business address at 3446 Snelling Ave Minneapolis, Minnesota 55406.

## II. JURISDICTION

6. Upon information and belief, this court has personal jurisdiction over Defendants, because Defendants Capital Distributors LLC and Capital Imports LLC (hereinafter collectively "Defendants" or "Capital") are residents of this district.

7. This action for *de novo* review of an administrative decision of the Trademark Trial and Appeal Board and for infringement of a federally registered trademark and false designation of origin arises under the Trademark Act of 1946 (15 U.S.C. § 1051 et. seq. and 37 CFR § 2.145). The court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Venue lies within this district pursuant to 28 U.S.C. § 1391. In addition, a substantial part of the events giving rise to the claims occurred in this district. This Court has jurisdiction over the cause of action for common law trademark infringement, unfair competition and trade dress infringement, under 28 U.S.C. § 1338(b).

## III.  FACTUAL BACKGROUND

8.  Since long prior to the acts of Defendants complained of herein, Plaintiff has been continuously and consistently engaged in the sale, offering for sale and advertising of food products in the United States, including the State of Minnesota, sold under the Trademark (Fawn Image).  The products sold under the Fawn Image trademark include rice, dried fruits, tea, candy, nuts and a variety of spices. Reproduced below is the Fawn Image (Fawn Image):

9.  On May 24, 2011, Plaintiff Global was granted United States Trademark Registration No. 3, 966,152 for the  ("Fawn Image") by the United States Patent and Trademark Office (the "Fawn Image registration").

10.  The Fawn Image registration is valid subsisting in force and incontestable.  A copy of the Fawn Image registration is attached hereto as Exhibit 2.

11.   Plaintiff has been continuously selling products under the Fawn Image trademark throughout the United States, including the State of Minnesota, since long prior to the acts of Defendants complained of herein.

12.  Plaintiff's Fawn Image trademark and the products sold under the Fawn Image trademark have received considerable recognition in the relevant market in the United States, including the State of Minnesota.

13. Plaintiff has extensively advertised its products under the Fawn Image trademark in the United States, including the State of Minnesota.

14.  On May 8, 2007, Plaintiff Global was granted United States Trademark Registration No. 3,239,488 for the trademark AAHU BARAH and Fawn Image ("Fawn Image 2") by the United

4

States Patent and Trademark Office (the "Fawn Image 2 registration"). The words "aahu barah" in the mark translate to "Fawn."  Reproduced below is a copy of the Fawn Image 2 trademark:



15.  The Fawn Image 2 registration is valid subsisting in force and incontestable.  A copy of the Fawn Image 2 registration is attached hereto as Exhibit 3.

16.  Since long prior to the acts of Defendants complained of herein, the Plaintiff has been continuously engaged in the sale, offering for sale and advertising of food products in the United States, including the State of Minnesota, sold under the Fawn Image trademark.

17.  Since long prior to the acts of Defendants complained of herein, Plaintiff has sold rice, dried fruits, tea, candy, nuts and a variety of spices with a distinctive label bearing the Fawn Image trademark.

18.  Since long prior to the acts of Defendants complained of herein, the Plaintiff has been continuously engaged in the offering for sale, selling and advertising of rice, dried fruits, tea, candy, nuts and a variety of spices in the United States, including the State of Minnesota, sold under the Fawn Image 2 trademark (hereinafter Fawn Image and Fawn Image 2 are collectively "Fawn Image").

19.  Attached hereto as Exhibit 4 is a copy of a representative example of the Plaintiff's Basmati Sela Rice product showing the Fawn Image trademark.

## IV. ILLEGAL ACTS OF DEFENDANTS COMPLAINED OF

20. Without the permission of the Plaintiff, Defendants have used a colorable imitation of Plaintiff's Fawn Image  trademark and distinctive features of Plaintiff's bag design. Defendants have used a colorable imitation of the Fawn Image and distinctive features of plaintiff's bag design in the sale of rice.

21. Defendants are selling the same type of products as Plaintiff's rice. Reproduced below is a copy of Defendants' bag with a prominently displayed fawn design with Plaintiff's bag adjacent to it.




22. The Defendants' use of a colorable imitation of the Fawn Image and distinctive features of Plaintiff's bag design in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and

have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

23. The Defendants' use of a colorable imitation of the Fawn Image for its products in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

24. Upon information and belief Defendants had full knowledge of Plaintiff's Fawn Image trademark at the time it selected their Fawn trademark. Defendants have continued to use the infringing trademark or a colorable image thereof even after Plaintiff notified Defendants of their infringement.

25. Without the permission of Plaintiff, Defendants have used a colorable imitation of Plaintiff's label bearing the Fawn Image trademark in the sale of rice.

26. On information and belief, the Defendants willfully misappropriated Plaintiff's trademarks.

27. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with the Plaintiff.

28. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

## V. CLAIMS FOR RELIEF

**Request for Judicial Review of the TTAB Decision Under
Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and
<u>Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)</u>**

29. Global repeats and realleges each and every allegation set forth in Paragraphs 1 through 28 of this Complaint.

30. The TTAB issued a final decision in *Global Commodities, Inc. v. Capital Distributors LLC and Capital Imports LLC*, Cancellation No. 92078857 (TTAB November 29, 2023) denying Global's petition and concluding that Defendants' Registration No. 5,926,738 for the mark [deer with heart image] does not conflict with Global's prior rights under 15 U.S.C. § 1052(d).

31. Global respectfully requests a *de novo* judicial review of the TTAB Decision.

32. The TTAB Decision is erroneous because Defendants' [deer with heart image] mark so resembles Global's prior used, filed and registered [leaping antelope image], as to be likely when applied to Defendants' goods, to cause confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, as amended, 15 U.S.C. § 1052(d).

33. The TTAB Decision should be reversed and vacated, Global's cancellation against Defendants' registration should be sustained, and registration to Defendants be cancelled.

8

## Second Claim for Relief

### (Federal Trademark Infringement)

34. Plaintiff repeats and realleges Paragraphs 1 to 33 as though specifically pleaded herein.

35. Defendants' use of a colorable imitation of the Plaintiff's Fawn Image is an infringement of Plaintiff's registered trademark and is likely to cause confusion or to cause mistake or to deceive in violation of the Lanham Act 15 U.S.C. § 1114.  By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement.

## Third Claim for Relief

### (False Designation of Origin)

36. Plaintiff repeats and realleges Paragraphs 1 to 35 as though specifically pleaded herein.

37. The Defendants have threatened to and will continue their conduct of trademark infringement, false designation of origin, trade dress infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

38. Plaintiff alleges that Defendants' conduct has caused and will continue to cause such false designations to enter commerce, all to the Plaintiff's damage and irreparable injury, unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

39. Defendants' conduct constitutes unfair competition under 115 U.S.C. § 1125(a) of the Lanham Act.

### Fourth Claim for Relief

### (Common Law Trademark Infringement)

40. As a complete and further ground for relief against Defendants, Plaintiff hereby charges Defendants with common law trademark infringement and Plaintiff hereby repeats and realleges paragraphs 1 to 39 hereof, as though fully recited herein.

41. Defendants' unauthorized use of a colorable imitation of the common law Fawn Image trademarks and the features of Plaintiff's bag in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

42. On information and belief, the Defendants willfully misappropriated Plaintiff's Fawn Image trademarks and bag design.

43. Defendants' unlawful use of the Plaintiff's trademarks constitutes common law trademark infringement under the Minnesota Common Law.

### Fifth Claim for Relief

### (Unfair Competition)

44. As a complete and further ground for relief against Defendants, Plaintiff hereby charge Defendants with common law unfair competition and Plaintiff hereby repeats and realleges Paragraphs 1 to 43 hereof, as though fully recited herein.

45. Defendants' unauthorized use of a colorable imitation of the Fawn Image trademarks and its bag design in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that

Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

46. Defendants used a colorable imitation of the Fawn Image trademarks and its bag design without the authorization or permission of Plaintiff for the willful and calculated purpose of trading upon Plaintiff's good will and reputation.

47. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with Plaintiff.

48. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

49. The Defendants have threatened to and will continue its conduct of common law trademark infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

## Sixth Claim for Relief

### (Trade Dress Infringement)

50. As a complete and further ground for relief against Defendants, Plaintiff hereby charges Defendants with common law trade dress infringement and Plaintiff hereby repeats and realleges Paragraphs 1 to 49 hereof, as though fully recited herein.

51. Defendants' unauthorized use of a colorable imitation of Plaintiff's trade dress is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

52. Defendants' use of Plaintiff's trade dress without the authorization or permission of Plaintiff for the willful and calculated purpose of trading upon Plaintiff's good will and reputation.

53. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with Plaintiff.

54. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

55. The Defendants have threatened to and will continue its conduct of common law trade dress infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

**Seventh Claim for Relief**

**(Deceptive Trade Practices Under MINN. STAT. § 325D.44)**

56. Global repeats and realleges all allegations set forth above in paragraphs 1-55 as if they were stated in full and incorporated herein.

57. Defendants have a statutory duty as set forth in Minnesota's Deceptive Trade Practices Act ("DTPA") to refrain from unfair or deceptive acts or trade practices in the sale of its rice.

58. Had Defendants not engaged in the deceptive conduct described hereunder, Global would not have lost profits for the sales of its rice diverted by Defendants.

59. On information and belief, Defendants misled and continues to mislead customers and potential customers of Plaintiff by the deceptive conduct described at least in Paragraphs 20-28 and as described hereunder.

60. On information and belief, in violation of Minn. Stat. § 325D.44, subd. 1(1), Defendants deceptive, unconscionable, and/or fraudulent representations include passing off Defendants' rice as that of Plaintiff, and constitutes unfair and deceptive acts and trade practices.

61. On information and belief, in violation of Minn. Stat. § 325D.44, subd. 1(2) Defendants deceptive, unconscionable, and/or fraudulent representations include causing a likelihood of confusion and/or of misunderstanding as to the source, sponsorship, approval, or certification of Defendants' rice in or by Plaintiff's business and/or with Plaintiff's goods.

62. On information and belief, in violation of Minn. Stat. § 325D.44, subd. 1(3), Defendants deceptive, unconscionable, and/or fraudulent representations include causing a likelihood of confusion and/or of misunderstanding as to affiliation, connection, or association with, or certification by Plaintiff of Defendants' rice.

63. Plaintiff has been injured and suffered significant financial damage as a direct and proximate result of Defendants' violation of the Minnesota DTPA.

64. Defendants' violation of the Minnesota DTPA has and will continue to cause irreparable injury and damage to Plaintiff unless and until the Court enjoins Defendants from committing further infringing acts.

**WHEREFORE**, Plaintiff, Global, prays that this Court will enter judgment in its favor on each and every claim for relief set forth above against Defendants, including but not limited to:

A.  An Order reversing and vacating the Decision in *Global Commodities, Inc. v. Capital Distributors LLC and Capital Imports LLC*, Cancellation No. 92078857 (TTAB November 29, 2023) denying Global's Petition to Cancel Defendants' U.S. Registration No. 5,926,738.

B. Permanently enjoining the Defendants, their officers, agents, servants, employees, and such other persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, and each of them, from infringing Plaintiff's trademarks from falsely designating the origin of Defendants' products and services, from unfairly competing with Plaintiff, and specifically from:

      (a)    using the trademarked Fawn Images or any colorable imitations thereof;

      (b)    using the trademarked Fawn Images, or any colorable imitations thereof, including on or in connection with any food products, including rice;

      (c)    using Plaintiff's trade dress;

      (d)    making in any manner whatsoever any statement or representation that is likely to lead the public to believe that either of the Defendants or its business is associated or connected with, approved or sponsored or licensed by or authorized or franchised by Plaintiff; and

      (e)    any other acts which constitute unfair competition with Plaintiff.

C.  Requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and all other material in their possession that use the Fawn Images or a colorable imitation thereof; as well as require Defendants to deliver up for destruction all plates, molds, matrices, and other means for making the same.

    D.  Require the Defendants within thirty (30) days after the service of the injunction on it to file with the Court a report in writing under oath setting forth in detail the manner and form in which said Defendants have complied with the injunction.

    E.  Granting to Plaintiff an accounting of Defendants' profits caused by such conduct.

    F.  Granting to Plaintiff damages for Defendants' conduct under 15 U.S.C § 1117(a).

    G.  Granting to Plaintiff such further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: January 26, 2024        By: <u>s/Austen Zuege</u>
                                        Austen Zuege (No 330267)
                                        Westman, Champlin & Koehler, P.A.
                                        121 South Eighth Street, Suite 1100
                                        Minneapolis, MN 55402
                                        Telephone: (612)330-0585
                                        Email:  azuege@wck.com

                                        Thomas A. O'Rourke
                                        *To be admitted pro hac vice*
                                        O'Rourke IP Law, PLLC
                                        425 Broadhollow Road, Suite 120
                                        Melville, NY 11747
                                        631-423-2700
                                        Email: torourke@orourkeiplaw.com

                                        ATTORNEYS FOR PLAINTIFF GLOBAL
                                        COMMODITIES, INC.