# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Commodities, Inc., | Case No. 24-CV-00216 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Capital Distributors LLC, and<br>Capital Imports, LLC, | |
| Defendants. | |

Austen P. Zuege, Westman, Champlin & Koehler, P.A., Minneapolis, MN, and Thomas A. O'Rourke (*pro hoc vice*), Bodner & O'Rourke, Garden City, NY, for Plaintiff Global Commodities, Inc.

Ruth A. Rivard, Stinson LLP, Minneapolis, MN, and Zachary T. Buchheit (*pro hac vice*), Stinson LLP, St. Louis, MO, for Defendants Capital Distributors LLC and Capital Imports, LLC.

This matter is before the Court on Defendants Capital Distributors LLC's and Capital Imports, LLC's (together, Capital) motion to dismiss (Doc. No. 9) Counts V, VI, and VII of Plaintiff Global Commodities, Inc.'s (Global) Complaint, which allege claims for common law unfair competition, common law trade dress infringement, and a statutory claim for deceptive trade practices under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(1)–(3) (MDTPA), for failure to state a claim. For the reasons explained below, the Court grants Capital's motion in its entirety.

1

## BACKGROUND

A.    **Global's and Capital's Trademarks**

Global is a New York corporation that sells food products, including rice, dry fruits, tea, candy, nuts, and spices in the United States and in the State of Minnesota. (Doc. No. 1 [hereinafter, "Compl."] ¶¶ 3, 8.) Global's products bear a distinctive label, displaying registered "Fawn Image" trademarks, pictured below. (*Id.* ¶¶ 8–19; Doc. Nos. 1-2, 1-3.)

 

Capital is in the business of selling similar food products as Global and uses the trademark below for its rice product. (Compl. ¶¶ 2, 21; Doc. No. 1-4.)



Global alleges that, without its permission, Capital is selling a rice product using a "colorable imitation of" Global's Fawn Image trademark, distinctive bag design features, and label. (Compl. ¶¶ 19–21, 25.) Global also alleges that Capital's colorable imitation and unauthorized use of its Fawn Image trademark and distinctive bag design features "is likely to cause and has caused confusion, mistake, and deception" among purchasers as to

the products' source or origin, particularly given the similarities between the marks, the marks' application to the same goods, and the packaging. (*Id.* ¶¶ 2, 22–23, 45–46.)

Global further alleges that it was selling products under the Fawn Image trademarks long before Capital started selling products and that Capital had full knowledge of Global's trademarks when Capital began using a fawn image. (*Id.* ¶¶ 8, 21, 24.)

B.   **Litigation History**

Before initiating the present action, Global petitioned the Trademark Trial and Appeal Board (TTAB)[1] to cancel Capital's trademark on a likelihood of confusion claim under Section 2(d) of the Trademark Act,[2] arguing that Capital copied its two Fawn Image marks, as well as its packaging. (*See* Doc. No. 1-1 [hereinafter, "TTAB Decision"].) On November 29, 2023, the TTAB denied Global's petition, concluding that Global had failed to prove a likelihood of confusion. (*See id.*)

On January 26, 2024, Global filed its seven-count Complaint against Capital with this Court. (*See* Compl.) In it, Global, among other things, seeks judicial review of the TTAB decision that denied Global's petition to cancel Capital's trademark pursuant to 15 U.S.C. §§ 1071(b)(1) and 1052(d) (Count I). (*Id.* ¶¶ 29–33.) Additionally, in Counts II and III, Global asserts federal trademark infringement and unfair competition claims under

---

[1] The TTAB is an administrative board within the U.S. Patent and Trademark Office that is responsible for hearing and ruling on disputes relating to federal trademark registrations and applications for registration, including cancellation proceedings filed by a party seeking to revoke another party's registered trademark.

[2] There are two elements to a Section 2(d) claim: priority and likelihood of confusion. *See* 15 U.S.C. § 1052(d).

the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). (*Id.* ¶¶ 34–39.) In Counts IV, V, and VI, Global asserts trademark infringement, unfair competition, and trade dress infringement claims under Minnesota common law. (*Id.* ¶¶ 40–55.) In Count VII, Global asserts a deceptive trade practices claim under Minn. Stat. § 325D.44. (*Id.* ¶¶ 56–64.)

## DISCUSSION

Capital now moves to dismiss Counts V (common law unfair competition), VI (common law trade dress infringement), and VII (statutory fraud under the MDTPA) on grounds of preemption and failure to state a claim. As discussed below, the Court agrees.

**I.  Count V: Minnesota Common Law Tort of Unfair Competition**

Capital argues that Global's unfair competition claim must be dismissed because it is preempted by other federal claims that Global brings in its Complaint. (Doc. No. 10 at 9; Doc No. 21 at 7–8.) Because the facts underlying this state claim are duplicative of those underlying the federal claims, the Court dismisses it.

Under Minnesota law, "unfair competition is not a tort with specific elements;" rather, it "describes a general category of torts which courts recognize for the protection of commercial interests." *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1034 (D. Minn. 2003) (quotation omitted). If the unfair competition claim is duplicative of certain federal claims in the complaint, the unfair competition claim must be dismissed. *Id.* at 1035 ("To the extent that the unfair competition claim is based upon acts of trade and service mark, trade dress, and copyright infringement, it is preempted by the Federal law governing such acts." (quoting *Zimmerman Grp., Inc. v. Fairmont Foods of Minn., Inc.*,

882 F. Supp. 892, 895 (D. Minn. 1994) (dismissing unfair competition claim as duplicative of, or preempted by, certain federal claims raised in action)).

Here, the factual allegations in support of Global's unfair competition claim relate to Capital's unauthorized use of its trademark. (Compl. ¶¶ 44–49.) These facts are duplicative of the facts relied on in support of its federal trademark infringement and unfair competition claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (Counts II and III). (*Id.* ¶¶ 34–39.) For this reason, Count V will be dismissed.

## II.     Count VI: Minnesota Common Law Claim of Trade Dress Infringement

Capital also argues that Global's common law trade dress infringement claim should be dismissed. (*See* Doc. No. 10 at 4–8; Doc. No. 21 at 1–7.) Because the Complaint does not include sufficient allegations to support this claim, the Court dismisses it.[3]

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The complaint "must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading has facial plausibility when its allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In this analysis, the Court construes

---

[3] Capital also moves to dismiss Count VI on the ground that the Complaint fails to allege that the trade dress is nonfunctional (i.e., that it is protectable under the law). (*See* Doc. No. 10 at 4–8; Doc. No. 21 at 1–7.) The Court need not address this argument.

the allegations and draws inferences from them in the light most favorable to the plaintiff. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

In the context of a trade dress claim,[4] the complaint also "must first identify what particular elements or attributes comprise the protectable trade dress." *Jalin Realty Cap. Advisors, LLC v. A Better Wireless, NISP, LLC*, 917 F. Supp. 2d 927, 940 (D. Minn. 2013); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 309 (3d Cir. 2014) (advising that courts "should scrutinize a plaintiff's description of its trade dress" and consider whether the plaintiff has articulated "the specific elements which comprise its distinct dress" before reaching the question of whether a plaintiff's trade dress is protectable); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (advising that "focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress"); *P.S. Prods. v. Activision Blizzard, Inc.*, 140 F. Supp. 3d 795, 801, 805 (E.D. Ark. 2014) (granting defendants' motion to dismiss plaintiffs' trade dress claim on grounds that plaintiffs failed to articulate any specific elements that constituted their claimed trade dress).

"[M]erely including images of products is insufficient to adequately articulate the specific elements which comprise a distinct dress." *EBIN N.Y., Inc. v. KISS Nail Prods., Inc.*, No. 23-CV-2369 (ES/JRA), 2024 WL 1328029, at *4 (D.N.J. Mar. 28, 2024) (quotations omitted); *see also Crafty Prods., Inc. v. Michaels Companies, Inc.*, 424 F.

---

[4] The Court applies the same framework when analyzing trade dress claims brought under state common law as it does for trade dress claims brought under the Lanham Act. *See Jalin*, 917 F. Supp. 2d at 939 n.15.

Supp. 3d 983, 991–92 (S.D. Cal. 2019), *aff'd sub nom. Crafty Prods., Inc. v. Fuging Sanxing Crafts Co.*, 839 F. App'x 95 (9th Cir. 2020) ("While pictures of products certainly help the Court in understanding what is to be protected, merely attaching hundreds of images requires the Court to do all of the work for plaintiffs."); *Liko AB v. Rise Lifts, Inc.*, No. 07-CV-5302, 2008 WL 2977869, at *6 (E.D. Pa. July 31, 2008) ("The mere attachment of photographs is not sufficient to provide notice of what elements are alleged to constitute the trade dress at issue.")

Here, the Complaint contains a side-by-side photo comparison of the parties' bags of rice product. Global does not identify the elements that it believes comprise its protectable trade dress or explain how Capital's product imitates those features. (*See* Compl. ¶¶ 2, 21.) The photo comparison reveals the overall look of the product but falls short of what is required to survive a motion to dismiss. The Court declines to surmise the missing elements of its trade dress claim. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised . . . and it need not conjure up unpled allegations to save a complaint." (quotations and citations omitted)). Thus, without more, Global has not plausibly alleged the elements of its trade dress.

### III.     Count VII: Deceptive Trade Practices

Capital argues that Global's MDTPA claim must be dismissed because it fails to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b).[5] (Doc. No. 10 at 10–12; Doc. No. 21 at 8–10.)  The Court agrees.

To state a claim under the MDTPA, a plaintiff must identify the defendant's false, deceptive, or misleading conduct.  *See* Minn. Stat § 325D.44, subd. 1(1)–(3) (describing what constitutes deceptive trade practices, including "pass[ing] off goods or services as those of another," "caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services," and "caus[ing] likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.").  To satisfy Rule 9(b), the pleading "must state with particularity the circumstances constituting fraud," including "the who, what, where, when, and how of the alleged fraud."  *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020) (quotation omitted); *see also* Fed. R. Civ. P. 9(b).

Here, the Complaint alleges generally that Capital "misled and continues to mislead customers and potential customers . . . by the deceptive conduct described at least in Paragraphs 20–28 and as described hereunder," but it does not inform Capital—or the Court—what specific conduct constitutes a deceptive trade practice.  (Compl. ¶ 59.)  The only specific conduct alleged is that Capital "used a colorable imitation of the Fawn Image

---

[5] MDTPA claims are fraud claims, and they are subject to the heightened pleading requirements set forth under Rule 9(b). *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012).

8

trademark and distinctive features of [Global's] bag design in the sale of rice" and that Capital is "selling the same type of products as [Global's] rice." (*Id.* ¶¶ 20–21.) However, as previously noted, Global has not identified the "distinctive features of [Global's] bag design" that it accuses Capital of using. Moreover, Global claims that use of these "distinctive features . . . has caused confusion" (*id.* ¶ 22) but does not provide any details regarding where, when, or how the alleged confusion occurred. In sum, Global's conclusory allegations fall short of Rule 9(b)'s particularity requirements.

## IV.    Form of Dismissal

"[C]ourts ultimately have discretion to decide between a with-prejudice and without-prejudice dismissal." *Miles v. Simmons Univ.*, 514 F. Supp. 3d 1070, 1080 (D. Minn. 2021). Dismissal with prejudice is appropriate when a plaintiff has shown "persistent pleading failures despite one or more opportunities to amend." *Id.* (quotation omitted). "On the other hand, when a plaintiff's claims might conceivably be repleaded with success, dismissal without prejudice may be justified." *Id.* (quotations omitted). The Court concludes that the factual deficiencies here can conceivably be cured.

At the conclusion of its opposition brief, Global informally requested leave to amend its Complaint.[6] (Doc. No. 20 at 13–14.) A party seeking leave to amend its complaint must, pursuant to District of Minnesota Local Rule 15.1, file a motion accompanied by: "(1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or

---

[6] Capital did not oppose this request. (Doc. No. 30 at 11:9–23.)

other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." D. Minn. L.R. 15.1(b). Global had the right to amend its Complaint without leave after reviewing the arguments Capital raised in its Motion, *see* Fed. R. Civ. P. 15(a)(1)(B), but it chose to stand by the Complaint in its present form. Since Global did not file a Rule 15(a) motion, the Court declines to grant Global leave to amend based only on its informal request.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants Capital Distributors LLC's and Capital Imports, LLC's Motion to Dismiss (Doc. No. 9) is GRANTED; and

2. Counts V, VI, and VII are DISMISSED WITHOUT PREJUDICE.

Dated:  August 14, 2024                    /s/ *Jeffrey M. Bryan*
                                           Judge Jeffrey M. Bryan
                                           United States District Court