UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Commodities, Inc., | Case No. 24-cv-216 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Capital Distributors LLC and Capital Imports, LLC, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Plaintiff Global Commodities, Inc's Motion for Leave to Amend Complaint and Deadline for Filing the Amended Complaint ("Motion to Amend") (ECF No. 35). Defendants oppose the Motion to Amend. (ECF No. 41.) The Court finds insufficient good cause to extend the deadline to amend the pleadings past the deadline set in its Pretrial Scheduling Order (ECF No. 24) under Rule 16(b)(4), and thus denies Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiff filed a seven-count complaint in this matter on January 26, 2024 ("Complaint") (ECF No. 1). On March 4, 2024, Defendants moved to dismiss Counts V, VI, and VII of the Complaint ("Motion to Dismiss") (ECF No. 9). On April 18, 2024, the Court issued a Pretrial Scheduling Order with a deadline for motions to amend the pleadings by August 15, 2024 (ECF No. 24). On August 14, 2024, District Judge Jeffrey M. Bryan issued an Order granting Defendants' Motion to Dismiss without prejudice ("Dismissal Order") (ECF No. 33). Plaintiff did not seek an extension of the deadline to amend the pleadings before it expired and did not file its Motion to Amend until August 27, 2024 (ECF No. 35). In its proposed amended complaint, Plaintiff seeks to remove Counts V and VII and expand on Count VI (Trade Dress Infringement) to address the issues Judge Bryan identified in his Dismissal Order ("Proposed Amended Complaint") (ECF No. 38-1).

Plaintiff states that "the [P]roposed Amended Complaint clarifies what the parties already know" about its Trade Dress Infringement claim. (ECF No. 37 at 2.)

## DISCUSSION

### I.  Legal Standard

#### A.  Leave to Amend

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). But there is no absolute right to amend a pleading, and a motion to amend may be denied based on a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (internal quotation marks omitted). The decision whether to grant leave to amend is left to the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Leftwich ex rel. Leftwich v. Cty. of Dakota*, 9 F.4th 966, 976 (8th Cir. 2021).

Additionally, "a motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013) (citing Fed. R. Civ. P. 16(b)(4)). "[A]pplication of Rule 16(b)'s good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). A court determines whether good cause exists by examining "the movant's diligence in attempting to meet the [scheduling] order's requirements." *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014); *see also Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) ("The primary measure of good cause is the movant's diligence in attempting to meet deadlines."). A movant may also establish good cause if it can show "a change in the law, newly discovered facts, or another significant changed circumstance that requires

amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). The movant also must be able to show that, despite its diligence, it could not reasonably have asserted the proposed claims in a timely manner. *Sherman*, 532 F.3d at 716-17

## II.     Analysis

Plaintiff filed its Motion to Amend twelve days after the deadline established in the Pretrial Scheduling Order. (*See* ECF Nos. 24, 35.) Plaintiff argues good cause exists to permit its untimely filing because "it has been diligent in addressing the dismissal of Counts V, VI, and VII in the week after Judge Bryan's decision" when "the proposed Amended Complaint was sent to Defendants only a week after Judge Bryan's decision and 6 days after the date to bring a motion to amend the pleadings." (ECF No. 37 at 4.) Plaintiff appears to reference the date when it first proposed the amendments to Defendants and does not explicitly address the fact that it filed its Motion to Amend twelve days after the deadline. Plaintiff offers no explanation as to why it could not have filed a motion to extend the deadline to amend its pleadings before Judge Bryan's Dismissal, or even the day after. Such motions are not lengthy or difficult to make and a single day is plenty of time to complete this task. Moreover, Plaintiff concedes that its Proposed Amended Complaint "clarifies what the parties already know" (ECF No. 3-2), thus admitting its proposed amendment is not based on any change in law, newly discovered facts, or any other significant changed circumstances requiring amendment. *See Ellingsworth*, 949 F.3d at 1100. The Court therefore cannot conclude that Plaintiff exercised sufficient diligence to comply with the Pretrial Scheduling Order. Because Plaintiff has not established good cause to warrant its untimely Motion to Amend, the Court denies the motion.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Global Commodities, Inc's Motion for Leave to Amend Complaint and Deadline for Filing the Amended Complaint (ECF No. [35]) is **DENIED**.

Dated:  September 9, 2024          *s/ Dulce J. Foster*
                                         DULCE J. FOSTER
                                         United States Magistrate Judge