

Ruth Rivard
**PARTNER**

DIRECT: 612.335.1799
OFFICE: 314.863.0800

ruth.rivard@stinson.com

February 5, 2025

*VIA ECF*
**DISCOVERY DISPUTE LETTER**

The Honorable Magistrate Judge Dulce J. Foster
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415
foster_chambers@mnd.uscourts.gov

Re:   *Global Commodities, Inc. v. Capital Distributors, LLC, et al.*; Case No. 24-cv-0216 (JMB/DJF)

Dear Magistrate Judge Foster:

We write this letter pursuant to the Court's February 4, 2025 request that Defendants Capital Distributors and Capital Imports (collectively, "Capital") file a letter to request adding a Motion for Protective Order to the upcoming motions hearing. The need for this Motion is due to speaking objections by counsel for Global Commodities, Inc. ("Global") during depositions on January 23 and 24, including that of Global's corporate representative. Specifically, Mr. Thomas O'Rourke (counsel for Global) continuously interrupted deposition proceedings to coach witnesses, suggest answers, caution witnesses "not to guess," seek clarification of questions when the witness had not asked, and inform the witness that some part of the question was "not correct" and proceed to explain his opinion. We counted over 15 speaking objections in one deposition alone.

At one point, Mr. O'Rourke stated: "My understanding is that 'profits' has a lot of meaning" and asked counsel for Capital to define "profits" for the corporate representative. This lead to seven pages of testimony of the witness refusing to answer basic questions about revenue and profits based on her claim that she could not define the terms. At another point, Mr. O'Rourke interrupted to ask the court reporter to remind the witness of a list of items supposedly testified to earlier. Moreover, after a question about when Global obtained certain knowledge, Mr. O'Rourke interrupted and stated: "I object to your characterization. The dates are on the document." Despite repeated requests to refrain from speaking objections, Mr. O'Rourke continued his speaking objections for two full days of depositions. Thus, Capital will seek an order from the Court limiting Global's objections to form and privilege during any other depositions in this case.

Counsel for Capital made a record of the speaking objections during the depositions, and informed counsel for Global that the corporate representative may need to be recalled for this reason (and others), and that Capital may need to seek protection from the Court. After the depositions, counsel for Capital reiterated those concerns in an email on the evening of January 24. In other words, Global has been on notice of the issue for nearly two weeks. Yet, Global's counsel stated during a February 3 meet and confer, that he had not had a chance to review the transcripts, and thus was not prepared to meet and confer on these issues.

Likewise, Global has not been prepared to meet and confer on other issues that arose from the depositions. First, Global's 30(b)(6) witness was not prepared to testify to many of the noticed topics. This issue was expressly raised on the record during the depositions, and again in communications to Global as early as

The Honorable Magistrate Judge Dulce J. Foster
February 5, 2025
Page 2

January 24. The parties met and conferred on the issue on February 3, and counsel for Capital provided the specific 30(b)(6) topics requiring additional testimony that same day. Counsel for Global has again responded that he cannot provide a response because he has not yet reviewed the deposition transcripts.

Additionally, the January 23 and 24 depositions revealed that Global has not fully responded to many other written discovery requests. Several of these requests overlap with or are closely related to the discovery disputes of which the Court is aware. Again, Capital made clear on the record that it may need to seek the Court's assistance if Global continues to withhold documents and information. Capital's counsel sent the details of the deficiencies to Global on February 3 and suggested a February 10 meet and confer. Global has not provided availability for a meet and confer, and instead simply takes the position that these disputes are waived, since they were not discussed during the status call with the Court. Indeed, Global has taken the position (in a February 3 email from counsel) that *any* discovery issue not raised during the Court's January 30 conference is waived. Global's counsel believes that the Court "will deny motions or aspects of motions not raised at the status conference (down to the level of individual disputed discovery requests by number)."

Capital has a different understanding of the Court's instructions, which is that the parties should make every effort to fully meet and confer before bringing new discovery issues before the Court. That is exactly what Capital has been trying to do. I believe we mentioned during the status conference that additional discovery issues resulting from the deposition of Global's 30(b)(6) witness may require the Court's attention. However, at the time of the status call with the Court, we had not fully completed our review of the transcripts and the parties had not had a chance to meet and confer on those issues. Since then, counsel for Capital have been making every effort to meet and confer with Global on these issues. As Capital stated in its correspondence to Global yesterday, Capital disagrees with Global's characterization of the Court's instructions and intentions, and encourages Global to meet and confer on these discovery issues.

Finally, we feel we must inform the Court that as part of Capital's Motion to Compel, it will be seeking a limited extension of the discovery period for continuing the 30(b)(6) deposition, and to address a trove of evidence that Global just disclosed. From January 27 (one business day after the completion of the deposition of Global's corporate representative) until February 3, 2025 (the deadline for fact discovery completion), Global produced 12 third-party declarations containing an array of allegations regarding consumer confusion between the marks at issue. Thus, Capital will need to seek additional time to subpoena these third parties and potentially seek additional depositions, in addition to questioning Capital's 30(b)(6) witness about them.

While it would have been Capital's preference to be able to fully address all of these issues during the January 30 status conference, counsel did not have enough time in the three business days between the last day of depositions and the day of the conference to complete its review of the information and meet and confer with Global. However, it has been trying to act as diligently as possible to meet those obligations, and it continues to do so. Global has been on notice of these issues and the parties have time to meet and confer before the February 17, 2025 briefing deadline. Capital requests that the Court allow it to file a Motion for Protective Order relating to the speaking objections, and to include the other foregoing discovery issues related to the depositions and third-party discovery in its forthcoming Motion to Compel. In this manner, we hope to brief all of the issues together and conduct a hearing on all issues on the same date.

Sincerely,

**Stinson LLP**

*s/ Ruth Rivard*

Ruth Rivard

192100267
CORE/3524971.0009/196047048.1