UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Commodities, Inc., | Case No. 24-cv-216 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Capital Distributors LLC and Capital Imports, LLC, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 93) filed in connection with Plaintiff's Motion for Leave to Amend Complaint and Extend the Deadline for Filing the Amended Complaint (ECF No. 59). Plaintiff filed its supporting memorandum on the underlying motion under seal ("Memorandum") (ECF No. 61) and filed one supporting exhibit under seal ("Exhibit") (ECF No. 64). The sealed Exhibit is heavily redacted. Plaintiff did not publicly file the redacted version of the Exhibit or file an unredacted version under seal. Plaintiff did publicly file a redacted version of its Memorandum (ECF No. 62).

The parties agree that Plaintiff's Memorandum should be unsealed. They ask the Court to keep the redacted portions of the Exhibit under seal because those portions contain trade secrets. (ECF No. 93 at 2.) They agree the redacted Exhibit may be unsealed, however, and further agree the unredacted portions are not confidential. (*Id.*)

**I.   Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns,*

*Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.   Analysis**

The documents at issue did not play a material role in the exercise of Article III power or any dipositive motion in this case. The parties' interests in confidentiality are thus afforded greater deference and a countervailing reason is all that is necessary to overcome the prediction of public access. *IDT Corp.*, 709 F.3d at 1224.

Based on the Court's review of the Memorandum, and in light of the parties' agreement

that it should be unsealed, the Court finds unsealing it is appropriate. *Flynt*, 885 F.3d at 511. But because Plaintiff failed to file an unredacted version of the Exhibit under seal, the Court cannot evaluate whether the redacted portions contain trade secrets. The Court thus cannot determine whether continued sealing of that document is appropriate. The Court further notes that Plaintiff failed to publicly file a redacted version of the Exhibit as required by Local Rule 5.6(d)(2). The Court directs Plaintiff to file a version of the Exhibit without redactions under temporary seal, in accordance with Local Rule 5.6(d)(1), by **April 24, 2025**, so it may properly determine whether the redacted portions of the Exhibit should remain under seal. The parties must simultaneously file another joint sealing motion if they wish the unredacted Exhibit to remain under seal. Based on the parties' agreement, the Court further orders that the redacted version of the Exhibit (ECF No. 64) may be unsealed.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 93) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 61 and 64.
2. Plaintiff shall file under temporary seal an unredacted version of the document filed at ECF No. 64 by **April 24, 2025**. The parties shall simultaneously file another joint motion for continued sealing of the unredacted version of ECF No. 64, failing which the Court will order the unredacted version to be unsealed.

Dated: April 16, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge