UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Commodities, Inc., | Case No. 24-cv-216 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Capital Distributors LLC and Capital Imports, LLC, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 94) filed in connection with Defendants' Motion on Discovery-Related Issues (ECF No. 67). Plaintiff filed its memorandum opposing the underlying motion under seal ("Plaintiff's Memorandum") (ECF No. 81) and filed several supporting exhibits under seal ("Plaintiff's Exhibits") (ECF Nos. 84, 84-1, 84-2, 84-3). Defendants filed one exhibit in connection with the underlying motion under seal ("Defendants' Exhibit AA") (ECF No. 72-1, pp. 178-268).[1] Defendants also filed a redacted version of Defendants' Exhibit AA (ECF No. 78).

The parties agree that Plaintiff's Memorandum and Plaintiff's Exhibits should be unsealed. They ask the Court to keep Defendants' Exhibit AA under seal. (ECF No. 94 at 2.)

**I.   Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns,*

---

[1] Defendants initially filed Exhibits Q-II under seal, including Defendants' Exhibit AA, but subsequently marked them as "filed in error". (ECF No. 72.) Defendants subsequently refiled Exhibits Q-Z and BB-II publicly (ECF Nos. 77, 80), leaving only Defendants' Exhibit AA under seal and marked as an erroneous filing.

*Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.   Analysis**

The documents at issue did not play a material role in the exercise of Article III power or any dipositive motion in this case. The parties' interests in confidentiality are thus afforded greater deference, and a countervailing reason is all that is necessary to overcome the prediction of public access. *IDT Corp.*, 709 F.3d at 1224.

The Court has reviewed Plaintiff's Memorandum and Plaintiff's Exhibits, which the parties

2

agree should be unsealed. Based on that review, and in light of the parties' agreement, the Court finds that unsealing these documents is appropriate. *Flynt*, 885 F.3d at 511.

The Court has also reviewed the unredacted version of Defendants' Exhibit AA (ECF No. ECF No. 72-1, pp. 178-268) and finds continued sealing of that document is appropriate because it contains sensitive or proprietary information, such that Defendants' legitimate interest in maintaining confidentially outweighs any public interest in right to access. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, Civ. No. 21-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business"). Because Defendants' Exhibit AA is sealed as part of an erroneous filing, however, and to clarify the docket, the Court directs Defendants to refile Exhibit AA under seal by **April 24, 2025**. Because Defendants have already publicly filed the remaining portions of ECF No. 72-1, the Court will keep ECF No. 72-1 under seal.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 94) is **GRANTED** as follows:

1. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 81, 84, 84-1, 84-2, and 84-3.

2. The Clerk of Court is directed to keep ECF No. 72-1 under seal.

3. Defendants must refile Exhibit AA under seal by **April 24, 2025**.

Dated:  April 16, 2025                          *s/ Dulce J. Foster*
                                                DULCE J. FOSTER
                                                United States Magistrate Judge