UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Global Commodities, Inc., | File No. 24-CV-00216 (JMB/EMB) |
| Plaintiff, | |
| v. | **ORDER** |
| Capital Distributors LLC and Capital Imports, LLC, | |
| Defendants. | |

---

Austen P. Zuege, Westman, Champlin & Koehler, P.A., Minneapolis, MN; Michael Cukor (*pro hac vice*), McGeary Cukor LLC, Bernardsville, NJ; and Thomas A. O'Rourke (*pro hac vice*), O'Rourke IP Law, Melville, NY, for Plaintiff Global Commodities, Inc.

Ruth A. Rivard, Stinson LLP, Minneapolis, MN, and Zachary T. Buchheit (*pro hac vice*), Stinson LLP, St. Louis, MO, for Defendants Capital Distributors LLC and Capital Imports, LLC

---

This matter is before the Court on Defendants Capital Distributors LLC and Capital Imports LLC's (together, Capital) motion for partial judgment on the pleadings as to the portion of Count IV of Plaintiff Global Commodities, Inc.'s (Global) Complaint that alleges a claim of common law trademark infringement based on trade dress. (Doc. No. 110.) For the reasons explained below, the Court grants the motion as to Global's claims of trade dress infringement under Count IV.

## BACKGROUND

Global is a New York corporation that sells food products, including rice, dry fruits, tea, candy, nuts, and spices, in the United States and in the State of Minnesota. (Doc. No. 1

1

[hereinafter, "Compl."] ¶¶ 3, 8.)  Capital sells similar food products, namely, rice.  (*Id.* ¶ 20.)  On January 26, 2024, Global filed its seven-count Complaint against Capital, alleging that Capital's use of allegedly similar marks and packaging in marketing and selling its rice infringes on Global's intellectual property.  (*Id.* ¶¶ 2, 19–21, 25 (showing side-by-side photographs of Capital's rice product packaging and Global's "Fawn Image trademark" and product packaging).)  Specifically as it relates to the instant motion, Global asserts a claim for Minnesota common law trademark infringement at Count IV of the Complaint.  (*Id.* ¶¶ 40–43.)  In support of this claim, Global generally alleges that "Defendants willfully misappropriated Plaintiff's Fawn Image trademarks and bag design."  (*Id.* ¶ 42.)  Global also generally alleges that "unauthorized use of a colorable imitation of the common law Fawn Image trademarks and the features of Plaintiff's bag in commerce" violates Minnesota common law because it "is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products . . . ."  (*Id.* ¶¶ 41, 43.)

On March 4, 2024, Capital moved to dismiss Counts V, VI, and VII of Global's Complaint for failure to state a claim.  (Doc. No. 9.)  The Court granted the motion, dismissing these three claims—including Global's claim for common law trade dress infringement at Count VI.  (Doc. No. 33.)  The Court concluded that the Complaint included insufficient allegations to state a claim of trade dress violation because the Complaint did not "identify the elements that it believes comprise its protectable trade dress or explain how Capital's product imitates those features."  (*Id.* at 7.)  On June 2, 2025, Capital filed its motion for partial judgment on the pleadings, requesting dismissal of the

portion of Count IV that asserts a claim for common law trademark infringement on the basis of similar product packaging. (Doc. No. 110.)

## DISCUSSION

Capital argues that the Court's analysis underlying the dismissal of Count VI necessarily requires dismissal of the portion of Count IV relating to product packaging. Global challenges the timeliness of the motion as well as its substance. The Court agrees with Capital and concludes that the motion is timely and supported by applicable law.

### I. TIMELINESS OF CAPITAL'S MOTION

Global first argues that this motion is untimely because the motion comes past the point at which Global may amend its Complaint as of right. The Court disagrees. Global does not identify any language in the Federal Rules of Civil Procedure which restricts Rule 12(c) motions in this way, nor any caselaw adopting what appears to be its somewhat novel reading of "the interplay of Rules 12 and 15." (Doc. No. 115 at 8.) Rule 12(c) provides that motions may be made "after the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Capital's motion indisputably falls within this window.[1]

### II. MERITS OF CAPITAL'S MOTION

Global next argues that the Complaint includes sufficient allegations to state a claim for common law trademark infringement based on product design. Again, the Court

---

[1] Global's argument is also undermined by the plain language of Rule 15. While Rule 15(a)(1)(B) permits amendments as a matter of right in response to motions to dismiss made under Rule 12(b), (e), and (f), the rule plainly does not contemplate an amendment as a matter of right in response to motions for judgment on the pleadings under Rule 12(c).

disagrees and concludes that Capital's motion has merit for many of the same reasons that the Court was compelled to dismiss Count VI.[2]

As a threshold matter, the Court notes that the standard for motions under Federal Rule of Civil Procedure 12(b)(6) also applies to motions for judgment on the pleadings brought under Rule 12(c): courts accept as true the facts alleged in the complaint and grant all reasonable inferences in favor of the nonmoving party. *E.g.*, *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts, however, need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The allegations must be sufficiently detailed to give the opposing party fair notice of the claims it will have to defend itself against. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

---

[2] Count VI alleged trade dress infringement apparently based on product packaging. *See Pocket Plus, LLC v. Pike Brands, LLC*, 53 F.4th 425, 432 (8th Cir. 2022) ("Trade dress typically refers to a product's design or packaging."). For trade dress claims, parties need not identify a specific mark, but they are required to identify "what particular elements or attributes comprise the protectable trade dress." *Jalin Realty Cap. Advisors, LLC v. A Better Wireless, NISP, LLC*, 917 F. Supp. 2d 927, 940 (D. Minn. 2013) (citation omitted). The Court previously dismissed Count VI because the Complaint did not contain sufficient factual allegations concerning particular elements or attributes of Global's bag specifically or trade dress more generally to plausibly state a claim of trade dress infringement. (*See* Doc. No. 33.)

To bring a claim of Minnesota common law trademark infringement, a plaintiff must establish that it owned a protectable trademark under common law and that the defendant's mark was similar enough to the plaintiff's trademark to create a likelihood of confusion among consumers. *N. Star State Bank of Roseville v. N. Star Bank Minn.*, 361 N.W.2d 889, 894 (Minn. Ct. App. 1985) (citing Howards Clothes, Inc. v. Howard Clothes Corp., 52 N.W.2d 753, 757–58 (Minn. 1952)); *see also DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 936 n.3 (8th Cir. 2003) (assuming without deciding that elements of proof under the Minnesota common law trademark and federal Lanham Act claims "are coextensive"); *First Bank v. First Bank Sys., Inc.*, 84 F.3d 1040, 1044 (8th Cir. 1996) (discussing the plaintiff's similar elements of proof in a Lanham Act claim asserting a common-law trademark).

Complaints that fail to identify the marks at issue in trademark infringement cases are subject to dismissal for failure to state a claim. *See, e.g.*, *First Choice Enters., Inc. v. City Magnets, Inc.*, No. 4:23-CV-04102 (RAL), 2024 WL 4852806, at *4 (D.S.D. Nov. 21, 2024) (granting motion to dismiss claim of trademark infringement under the Lanham Act wherein the amended complaint was "vague" as to what constituted the "protectible mark"); *Arenas v. Shed Media U.S. Inc.*, 881 F. Supp. 2d 1181, 1192 (C.D. Cal.), *aff'd*, 462 F. App'x 709 (9th Cir. 2011) (dismissing a Lanham Act trademark infringement claim because plaintiff "fail[ed] to articulate a coherent theory of infringement or clearly identify the marks that allegedly infringe[d] his own").

In this case, the Complaint includes only a side-by-side photo comparison of the parties' products and vague references to Capital's imitation of Plaintiff's "bag design."

(Compl. ¶¶ 20–22, 41, 42.) The Complaint, however, does not include allegations that identify what features of the bag form a protectible mark under common law. Nor do the allegations articulate which specific identifiable features of Global's product packaging Capital imitated. The photo comparison may show the general appearance of the bags but, without specific factual allegations, the images necessarily fall short of what is required to plausibly allege that Global owned a protectable interest in a specific feature and that Capital imitated this particularfeature. The Court declines to "conjure up unpled allegations" that could support a common law trademark infringement based on product packaging or bag features. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." (quotations and citations omitted)). Without more specific information, Capital lacks adequate notice of the claim it is called upon to defend against, and without knowing the contours of the alleged mark, the Court cannot assess whether it meets the tests of non-functionality and distinctiveness necessary to give rise to a protectable mark.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants Capital Distributors LLC's and Capital Imports, LLC's motion for partial judgment on the pleadings (Doc. No. 110) is GRANTED.

---

[3] In its opposition brief, Global indicates a desire to amend the Complaint. However, Global has not filed a formal request for leave to amend as required by the local rules, *see* D. Minn. L.R. 15.1, or explained why this request would have more merit than the previous requests, which the Magistrate Judge denied (*see* Doc. Nos. 43, 91).

2. Plaintiff Global Commodities, Inc.'s claim of common law trademark infringement, to the extent based on trade dress, is DISMISSED WITHOUT PREJUDICE.

Dated: October 15, 2025                                          /s/ *Jeffrey M. Bryan*
                                                                              Judge Jeffrey M. Bryan
                                                                              United States District Court