## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Global Commodities, Inc.,                    File No. 24-CV-00216 (JMB/EMB)

       Plaintiff,

v.                                                                      **ORDER**

Capital Distributors, LLC and Capital
Imports, LLC,

       Defendants.

This matter is before the Court on Plaintiff Global Commodities, Inc.'s (Global) third Motion for Leave to Amend its Complaint. (Doc. No. 170.) After the Court granted Defendant Capital Distributors, LLC's and Capital Imports, LLC's (collectively, Capital) Motion for Partial Judgment on the Pleadings (Doc. No. 110), dismissing without prejudice Global's claim of common trademark infringement to the extent based on trade dress (Doc. No. 169 at 7), Global moved for leave to amend its Complaint and to extend the deadline for filing an amended complaint under the Court's Pretrial Scheduling Order (Doc. No. 170). The Court denies the Motion because Global has not shown good cause.

## BACKGROUND

The background of this case is set forth in prior orders (*e.g.*, Doc. No. 169) and thus will be summarized only in brief here. Global alleges that Capital's federally registered trademark (a design mark depicting a standing impala in black and white under a partial red heart (Reg. No. 5,926,738)) infringes on Global's trademark rights, including two federally registered marks (a mark that Global describes as "Fawn Image" (Reg. No.

1

3,966,152) and a mark that Global describes as "Fawn Image 2" (Reg. No. 3,239,488)) and certain unspecified "distinctive features of Plaintiff's bag design" for rice. (Doc. No. 1 ¶¶ 1, 9, 14, 20–23.) Global brought its Complaint after the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office (TTAB) denied its petition to cancel Capital's registration. (*Id.* ¶ 1.)

Global's Complaint alleges seven counts (*see* Doc. No. 1 at 8–13), and Capital previously moved to dismiss three of them: Counts V (common law unfair competition), VI (common law trade dress infringement), and VII (statutory fraud under the MDTPA). (Doc. No. 9.) Capital did not challenge the sufficiency of Count IV, which asserted common law trademark infringement based on alleged copying of the "common law Fawn Image trademarks and the features of Plaintiff's bag" for its rice. (Doc. No. 1 ¶ 41; *see also id.* ¶ 42 (alleging misappropriation of Global's "Fawn Image trademarks and bag design"). On August 14, 2024, the Court granted Capital's motion to dismiss the three challenged counts. (Doc. No. 33.) In particular, the Court dismissed Count VI, finding that Global had not stated a claim for relief as to common law trade dress infringement related to Global's and Capital's rice bags because Global had not identified the particular elements or attributes that comprise the alleged protectable trade dress. (*Id.* at 6–7.)

Under the Pretrial Scheduling Order, the deadline for moving to amend the pleadings was August 15, 2024. (Doc. No. 24 at 4.) Nearly two weeks after this deadline, on August 27, 2024, Global moved to amend its Complaint, including to add allegations about common features of Global's and Capital's bags. (Doc. No. 38 ¶¶ 36–46.) On

September 9, 2024, Magistrate Judge Foster denied Global's Motion to Amend on the basis that Global had not shown good cause to amend the scheduling.  (Doc. No. 43.)

The parties proceeded into discovery.  Apparently relying on Count IV—alleging common law trademark infringement based on, at least in part, Capital's alleged copying of "the features of Plaintiff's bag" (Doc. No. 1 ¶ 41)—Global provided discovery related to its claim that Capital had copied Global's rice bag design.  On September 26, 2024, for example, Global served interrogatory responses that asserted an unregistered trademark in the following elements of its rice bag design:



(Doc. No. 71-1 at Ex. F, ECF Page 43.)   Global also developed and, on March 17, 2025, served an expert report purporting to demonstrate the likelihood of confusion based on an unregistered bag design with the elements noted in the interrogatory responses.  (Doc. No. 113-1 at 15–16.)  Capital served a rebuttal report.  (Doc. No. 116-2.)

On June 2, 2025, Capital moved for partial judgment on the pleadings on Count IV, arguing that Global could not pursue its trade dress claims through Count IV.  (*See generally* Doc. No. 112.)  Meanwhile, Capital moved for summary judgment, and the parties submitted their briefs on that motion.  (*See, e.g.*, Doc. No. 128.)  Capital's summary

judgment brief argues in part that the Court should grant summary judgment in Capital's favor on any allegations of infringement of Global's bag design. (Doc. No. 131 at 33–39.) Global responded to that issue in its summary judgment brief. (Doc. No. 135 at 42–45.)

On October 15, 2025, the Court granted Capital's Motion for Judgment on the Pleadings, finding that Global had not plausibly pleaded a claim for common law trademark infringement in its bag design, similar to its finding that Global had failed to state a claim for trade dress. (Doc. No. 169.) The Court dismissed Count IV without prejudice "to the extent based on trade dress." (*Id.* at 7.)

Global then moved again to amend its Complaint and to extend the applicable deadline in the scheduling order to allow it to do so. (Doc. No. 170.)

## DISCUSSION

The Court first determines that Federal Rule of Civil Procedure Rule 16 and Local Rule 16.3 apply to Global's Motion to Amend. The Court next concludes that Global has not established the requirements of these rules. Thus, the Court denies the Motion.

First, the parties contest whether Rule 15 or Rule 16 applies to Global's Motion. When a party seeks to amend its complaint pursuant to Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). By contrast, however, when a party moves to amend its complaint after the deadline for doing so under the pretrial scheduling order has passed, the party must show good cause for extending the deadline. Fed. R. Civ. P. 16(b)(4). Ultimately, a court has discretion whether to allow an amendment. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Binding Eighth Circuit precedent makes clear that Rule 16 applies where the party moves for leave to amend after

4

the applicable deadline has passed. *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013); *Bradford*, 249 F.3d at 809. Here, the parties agree that the deadline to amend the complaint under the scheduling order had passed prior to the filing date of Global's Motion to Amend. Accordingly, the Court concludes that the heightened "good cause" standard of Rule 16—and not the more liberal Rule 15 standard—applies in this case.[1] In addition, a party must show "excusable neglect" for failing to move to extend a deadline after the deadline has already passed, *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019), and in this District, the party must convince the court that "extraordinary circumstances" justify allowing the extension, D. Minn. L.R. 16.3(d). Therefore, Global must show good cause for, and that extraordinary circumstances justify, its failure to seek the requested amendments prior to the expiration of the time allowed.

Second, the parties contest whether Global has satisfied these requirements. The Court concludes it has not. The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation

---

[1]To the extent Global relies on *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525–26 (8th Cir. 2000), its reliance is misplaced, because that decision did not discuss Rule 16. *See Younie v. City of Hartley*, No. C14-4090-CJW, 2016 WL 2864442, at *2–3 (N.D. Iowa May 13, 2016); *Derksen v. CNA Grp. Life Assurance Co.*, No. CV 04-3411 (MJD/JGL), 2005 WL 8162987, at *2 (D. Minn. Apr. 21, 2005), *aff'd as modified*, No. CV 04-3411 (MJD/JGL), 2005 WL 8162988 (D. Minn. May 31, 2005). In addition, the Court is not convinced by Global's argument that Rule 15 should apply because the Court granted Capital's Rule 12(c) motion without prejudice. Global directs this Court to no binding legal authority to support the proposition that a dismissal without prejudice operates to effectively, but impliedly, extend the deadline to amend set forth in a scheduling order.

omitted).  Where the facts alleged in the proposed amendment were available before the deadline, courts may find that the moving party lacked diligence.  *See Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).  Similarly, when counsel, by either mistake or strategy, fails to make certain arguments earlier, courts find that the moving party lacked diligence.  *E.g.*, *Ellingsworth*, 949 F.3d at 1100 (affirming finding of lack of good cause where the "attempted addition of the claim had more to do with a change in litigation strategy than in the factual or legal basis of his case"); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717–18 (8th Cir. 2008) (no good cause where counsel failed to investigate potential defense earlier).  For instance, choosing to defend a complaint against a motion to dismiss instead of amending is a strategy choice that does not support a finding of good cause.  *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) (rejecting the argument that the plaintiff only learned of deficiencies in the complaint when the court granted the motion to dismiss); *Plymouth Cnty., Iowa ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 464 (N.D. Iowa 2012) ("[A] plaintiff should not be allowed to stand on one legal theory, then come back to fight on the basis of some other legal theory after dismissal of claims based on the first formulation."), *aff'd sub nom. Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155 (8th Cir. 2014).  Courts typically will not consider prejudice (or lack thereof) to the nonmovant if the movant has not been diligent in meeting the scheduling order's deadlines.  *Sherman*, 532 F.3d at 717.

Here, Global cannot satisfy the necessary requirements.  Global's proposed amended complaint seeks to add detail to its claims concerning its rice bag label.  Nothing about the proposed additional detail was unknown to Global previously or can be

characterized as new facts.  Indeed, in the TTAB cancellation proceeding that is the precursor to this action, Global argued that Capital had copied its packaging, including calling out some of the same details that it now seeks to allege in an amended complaint. (*Compare* Doc. No. 1-1 at 6, 36–37 (referring to, *inter alia*, a "green decorative border" with "decorative corners," a "red starburst" that says "Supreme Quality," and a box on the left side that says "Net WT"), *with* Doc. No. 170-1 ¶ 41 (referring to, *inter alia*, "a decorative border" with "decorative corners," a "starburst," and "a box on the left side").) That proceeding was decided in 2023.  Global thus has been able since at least 2023 to assess its packaging and Capital's packaging to identify what specific elements Global claims comprise its distinctive trade dress and were infringed.  Global also attempted to add similar allegations when it moved to amend its Complaint in August 2024 (*see* Doc. No. 38 ¶¶ 21–22), again demonstrating that this most recent motion is not based on new facts.  At that time, Magistrate Judge Foster found that Global had failed to demonstrate good cause to amend its Complaint because it lacked diligence.  (Doc. No. 43 at 3.)  Global did not appeal that decision.  If Global was not diligent in moving to amend to assert very similar allegations by September 2024, the Court cannot find now, more than a year later, that Global was diligent.

Global claims that it acted diligently because it did not know until the Court's Order granting Capital's Motion for Judgment on the Pleadings that Global could not pursue its trade dress allegations through Count IV, even though the Court had found its trade dress allegations insufficient to state a claim under Count VI.  (Doc. No. 172 at 5.)  This argument amounts to the type of attorney strategy that courts regularly conclude does not show good

7

cause.  *E.g.*, *Ellingsworth*, 949 F.3d at 1100; *Rosillo v. Holten*, No. 13-CV-1940 JNE/SER, 2014 WL 7357308, at *4 (D. Minn. Dec. 23, 2014) (rejecting movant's explanation that he "believed from the start that he had properly pled" his claim); *Derksen v. CNA Grp. Life Assurance Co.*, No. 04-CV-3411 (MJD/JGL), 2005 WL 8162987, at *3 (D. Minn. Apr. 21, 2005) (finding that Plaintiff's "strategic choice to clarify his underlying claims late in this litigation does not constitute the good cause required to seek amendments substantially out of time"), *aff'd as modified*, No. CV 04-3411 (MJD/JGL), 2005 WL 8162988 (D. Minn. May 31, 2005).  Indeed, when Capital moved to dismiss the Complaint for failure to state a trade dress infringement claim under Count VI, Global chose to vigorously defend the adequacy of its allegations rather than unilaterally amend to add some or all of the trade dress elements that it was plainly aware of and now attempts to insert under the guise of common law trademark claims.  That strategy choice does not equate to good cause.  *See Roop*, 559 F.3d at 823.  Moreover, Global's characterization of its bag label allegations as "*trademark*-specific particulars" rather than *trade dress* infringement allegations (Doc. No. 172 at 2–3 (emphasis added); *see also id.* at 8–9), is at best a distinction without a difference.  *See* 1 *McCarthy on Trademarks and Unfair Competition* § 8:7 (5th ed.) ("[T]he history of American law throughout much of the 20th century is the gradual disappearance of any distinction between the law of 'trade dress' and that of 'trademarks.'"); *cf. Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 148 (2023) (referring to the "stylized label" on a bottle and the distinctive shape of the bottle itself as trademarks); *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000) (observing that trade dress traditionally included the "packaging" or "dressing" of a product).

8

Global also notes that it provided discovery and an expert report related to its bag label's allegedly protectable elements on the understanding that Count IV remained viable. (Doc. No. 172 at 5–6.)  This discovery tactic does not show diligence when it comes to amending the pleadings.  Instead, given that Global was denied permission to amend its Complaint to assert some of these same elements (Doc. No. 43), then served interrogatory responses that included the elements (*see* Doc. No. 71-1 at Ex. F, ECF Page 43), it appears that Global adopted a strategy of attempting to use Count IV to circumvent Magistrate Judge Foster's decision and inject these allegations into the case.  The Court cannot countenance this strategy.

There also has been no change in the law.  The requirement of pleading the elements of a plaintiff's alleged trade dress is not new.  *See Jalin Realty Cap. Advis., LLC v. A Better Wireless, NISP, LLC*, 917 F. Supp. 2d 927, 940 (D. Minn. 2013); 1 *McCarthy on Trademarks and Unfair Competition* § 8:3 (5th ed.) ("All courts agree that the elements of the alleged trade dress must be clearly listed and described.").  Indeed, Global cites to no change in the law since the Court dismissed Global's Count VI trade dress claims on August 14, 2024.

Finally, Global argues that Capital would not be prejudiced by the late amendment.  Courts in this district, however, typically do not reach the question of prejudice if the movant has not demonstrated diligence.  *E.g.*, *Sherman*, 532 F.3d at 717 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.") (citation omitted).  Having

concluded that Global has not demonstrated diligence, the Court does not reach the question of prejudice.

In conclusion, because Global has not satisfied the requirements to show good cause and extraordinary circumstances, the Court denies the pending motion to amend.[2]

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Global's Motion for Leave to Amend (Doc. No. 170) is DENIED.

Dated:  December 5, 2025                                      /s/ *Jeffrey M. Bryan*
                                                             Judge Jeffrey M. Bryan
                                                             United States District Court

---

[2] In opposing Global's motion, Capital requests an award of its fees and costs in responding to the motion.  (Doc. No. 178 at 24–25.)  The Court declines to grant the request.  The Court does not find that Global's motion, although unsuccessful, was made in bad faith or is groundless.